**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILEY TACKITT, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0899 |
| | § | |
| BARRETT BURKE WILSON | § | |
| CASTLE DAFFIN & FRAPPIER | § | |
| L.L.P., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment filed by

Defendant Chase Home Finance LLC ("Chase") [Doc. # 39] and the Motion for

Summary Judgment filed by Defendant Barrett Burke Wilson Castle Daffin & Frappier,

LLP ("BBWCDF") [Doc. # 47]. The motions have been fully briefed. This Court has

subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under

the laws of the United States, specifically 15 U.S.C. § 1692g. Based on the Court's

review of the full record in this case, and the application of governing legal authorities,

the Court grants Defendants' Motions for Summary Judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this case are undisputed.  In June 2001, Plaintiffs Wiley and

Audra Tackitt purchased property at 1318 Markham Court in College Station, Texas.[1]

To finance the purchase, Plaintiffs obtained a loan from and granted a Deed of Trust

to Cornerstone Mortgage Company.

In March 2002, Plaintiffs refinanced their mortgage through Primary Residential

Mortgage, Inc. ("Primary Residential").  Plaintiffs admit they signed a promissory note

(the "Note") dated March 22, 2002, payable to Primary Residential with monthly

payments beginning May 1, 2002.  *See* Affidavit of Audra Tackitt, Exh. to Letter to

Court dated October 31, 2005; Affidavit of Wiley Tackitt, Exh. to Letter to Court dated

October 31, 2005; Exh. A(1) to Chase's Motion.  Plaintiffs also executed a Deed of

Trust securing the debt.  *See* Exh. A(2) to Chase's Motion.

On March 29, 2002, at a time when the Note was not in default, Primary

Residential assigned the Note and the Deed of Trust to Chase Manhattan Mortgage

Corporation.  *See* Exh. F to Chase's Motion.  Chase is the successor by merger to

Chase Manhattan Mortgage Corporation.  *See* Declaration of Charlie Wightman, Exh.

---

[1]    The full legal description of the property is:

> LOT TWENTY-FOUR (24), BLOCK FOUR (4), ALEXANDRIA
> SUBDIVISION PHASE 2-A, CITY OF COLLEGE STATION,
> ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 3847,
> PAGE 207 OF THE OFFICIAL RECORDS OF BRAZOS COUNTY,
> TEXAS.

A to Chase's Motion, ¶ 2.  Chase currently possesses the Note[2] as a holder in due course.

Plaintiffs failed to make scheduled payments on the Note and, on August 17, 2004, Chase accelerated the debt owed under the Note.  No payments have been made since October 1, 2003.

BBWCDF wrote Plaintiffs a letter dated August 17, 2004, regarding their debt to Chase.  *See* Exh. 2(A) to BBWCDF's Motion.  The letter clearly and unambiguously advised Plaintiffs that they had "thirty (30) days . . . to dispute the validity of the Debt or any part thereof."  *Id.*  The letter also advised Plaintiffs that if they disputed the debt, BBWCDF would "obtain and mail verification of the Debt to [them]."  *Id.*  BBWCDF also stated in the letter that if Plaintiffs so requested, BBWCDF would provide them with the name and address of the original mortgagee.  *Id.*

Plaintiffs disputed the debt.  By letter dated September 24, 2004, BBWCDF sent Plaintiffs a copy of the Note and Deed of Trust, and provided the name and address of the original mortgagee.  *See* Exh. 2(B) to BBWCDF's Motion.  On September 30,

---

[2]    Plaintiff Audra Tackitt disputes that the Note in Chase's possession is the original because she remembers signing the Note in blue ink.  Plaintiffs do not, however, dispute that they signed the Note and that the Note in Chase's possession is identical to the Note Plaintiffs signed, except for Ms. Tackitt's recollection of the color of the ink.

2004, BBWCDF faxed to Audra Tackitt payment history for the loan in question. *See* Exh. 2(C) to BBWCDF's Motion.

Plaintiffs filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas, Case No. 04-43898.  On March 11, 2005, BBWCDF on behalf of Chase, joined in the Bankruptcy Trustee's Motion to Dismiss Plaintiffs' bankruptcy case.  On April 12, 2005, the Bankruptcy Court lifted the stay afforded by 11 U.S.C. § 362 with respect to Plaintiffs' property subject to the Note and Deed of Trust.  That same day, the Bankruptcy Court dismissed Plaintiffs' bankruptcy case with prejudice.

Plaintiffs filed this lawsuit on March 17, 2005.  Plaintiffs allege that BBWCDF and Chase violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g.  Chase filed a counterclaim seeking a declaratory judgment for judicial foreclosure on the subject property.  Following an adequate time for discovery,[3] Defendants moved for summary judgment.  The motions have been fully briefed and are ripe for decision.

---

[3]     BBWCDF complains that Plaintiffs have not participated in discovery in this case.  Those complaints, though well-taken, are moot in light of the Court's ruling on Defendants' dispositive motions.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's

burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden.  *Morris*, 144 F.3d at 380.

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.  *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).  A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Additionally, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue.  *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts.  *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

## III.   BBWCDF'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs claim that BBWCDF violated § 1692g(a)(3).  That section of the FDCPA requires a debt collector to provide the consumer with written notice containing "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3); *Peter v. GC Services L.P.*, 310 F.3d 344, 348 (5th Cir. 2002).   The undisputed evidence establishes that BBWCDF complied with § 1692g(a)(3) when it sent Plaintiffs the letter dated August 17, 2004.  That letter specifically gave Plaintiffs notice that they had "thirty (30) days . . . to dispute the validity of the Debt or any part thereof."  *See* Exh. 2(A) to BBWCDF's Motion.  The letter stated clearly that if Plaintiffs did not dispute the debt within the thirty-day period, it would be assumed "that the Debt is valid." *Id.* BBWCDF complied fully with the requirements of § 1692g(a) and is entitled to summary judgment on this claim.

Plaintiffs also claim that BBWCDF violated their rights "by truncating the time within which Wiley & Audra Tackitt are privileged to respond to a Debt Collector." It appears that this claim relates to § 1692g(b)[4] which provides:

---

[4]   Courts construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Thus, *pro se* pleadings are entitled
(continued...)

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, ***until*** the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a ***copy*** of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).  Where, as here, the debtor "requests verification of the debt or information on the original creditor, the debt collector must 'cease collection of the debt'" until the debt collector sends the requested information to the debtor.  *See Peter*, 310 F.3d at 348 (quoting 15 U.S.C. § 1692g(b)).  On September 24, 2004, BBWCDF sent Plaintiffs a copy of the Note and Deed of Trust and provided the name and address of the original creditor.  On September 30, 2004, BBWCDF provided Plaintiffs with the payment history for the Note.  Although Plaintiffs argue that this is not adequate verification of the debt because BBWCDF did not produce the original Note, the "FDCPA does not require a debt collector to provide the original, a certified, or an attested copy of the document creating the debt as part of the verification." *Monsewicz v. Unterberg & Assoc., P.C.*, 2005 WL 756433 *4 (S.D. Ind. Jan. 25, 2005).  Indeed, "verification of a debt involves nothing more than

---

[4]      (...continued)
         to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521.

the debt collector confirming in writing that the amount being demanded is what the

creditor is claiming is owed . . .."  *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th

Cir.), *cert. denied*, 528 U.S. 891 (1999).

There is no evidence that BBWCDF undertook any collection efforts between

the time Plaintiffs requested verification of the debt and the time BBWCDF provided

adequate verification under § 1692g.  BBWCDF provided verification of the debt well

before, on Chase's behalf, it joined in the United States Bankruptcy Trustee's Motion

to Dismiss Plaintiffs' bankruptcy case on March 11, 2005.  Accordingly, BBWCDF is

entitled to summary judgment.

## IV.   CHASE'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs allege that Chase violated the FDCPA.  Chase was assigned Plaintiffs'

Note at a time when the Note was not in default and, therefore, is not a debt collector

under the FDCPA.[5]  *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.

1985) (holding that "debt collector does not include the consumer's creditors, a

mortgage servicing company,[6] or an assignee of a debt, as long as the debt was not in

---

[5]    Plaintiffs repeatedly cite *Heintz v. Jenkins*, 514 U.S. 291 (1995).  The United States Supreme Court in *Heintz* held only that a "lawyer who 'regularly,' *through litigation*, tries to collect consumer debts" is a debt collector for purposes of the Fair Debt Collection Practices Act. *Id.* at 292 (emphasis in original). Consistent with the Supreme Court's holding in *Heintz*, BBWCDF does not dispute its status in this case as a debt collector.  *Heintz* does not, however, support Plaintiffs' argument that Chase is a debt collector under the FDCPA.

[6]    Plaintiffs argue that because the Note is a HUD note, Chase only services the Note.  Even if
                                                                              (continued...)

default at the time it was assigned"), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985).  As a result, Chase is entitled to summary judgment on Plaintiffs' FDCPA claim.

Chase also seeks summary judgment on its counterclaim for declaratory judgment for judicial foreclosure.  The uncontroverted evidence establishes that Chase, as successor in interest to the assignee of Primary Residential, is the holder in due course of the Note and Deed of Trust.  Plaintiffs allege that the Note in Chase's possession is not the original Note only because Ms. Tackitt believes the color of the ink should be blue instead of black.  Plaintiffs do not dispute, however, that the Note in Chase's possession is otherwise ***identical*** to the Note they admit signing when refinancing their mortgage.  There is no allegation or evidence that Primary Residential or any other party has contacted Plaintiffs seeking to collect on the original or another copy of the Note.  Chase's chain of title is clear and it has been more than two years since Plaintiffs last made a payment under the Note.  There is neither precedent binding on this Court nor logic which precludes a creditor from collecting a debt evidenced by a copy of a Note the debtors admit signing.

It is also undisputed that the Note is in default and has been accelerated.  Indeed, Plaintiffs have not made any payments on the Note since October 1, 2003.  As the

---

[6]   (...continued)
     Plaintiffs' argument were legally and factually correct, mortgage servicing companies also fail
     to qualify as debt collectors under the FDCPA.  *Perry*, 756 F.2d at 1208.

holder in due course of a Note in default, Chase is entitled to conduct a foreclosure sale in accordance with § 51.002 of the Texas Property Code.

## V.    CONCLUSION AND ORDER

Chase is not a debt collector under the FDCPA and, as a result, is entitled to summary judgment on Plaintiffs' claims against it.  The undisputed evidence establishes that Chase is the owner and holder of the Note and Deed of Trust signed by Plaintiffs and that Plaintiffs are in default under the note.  Consequently, Chase is entitled to summary judgment on its counterclaim for declaratory judgment.

BBWCDF complied with the requirements of 15 U.S.C. § 1692g and is entitled to summary judgment on Plaintiffs' claims against it.  Accordingly, it is hereby

**ORDERED** that Chase's Motion for Summary Judgment [Doc. # 39] is **GRANTED** as to Plaintiffs' claims against Chase and as to Chase's counterclaim.  It is further

**ORDERED** that BBWCDF's Motion for Summary Judgment [Doc. # 47] is **GRANTED**.  It is further

**ORDERED** that all other pending motions [Docs. # 25, # 31, # 33, # 34, # 36, # 56, # 59] are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **3rd** day of **November, 2005.**

Nancy F. Atlas
United States District Judge